# **EXHIBIT B**

6/30/2021 1:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54934604
By: Maria Rodriguez
Filed: 6/30/2021 1:31 PM

2021-39357 / Court: 269

NO. _____

| | | |
|---|---|---|
| JANIE MIRELES | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA MART, L.L.C. at 14315 | § | |
| BELLAIRE BLVD, HOUSTON, | § | |
| TEXAS 77083 | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **JANIE MIRELES** (referred to hereinafter as "**Plaintiff**"), files this Original Petition, complaining of and about **FIESTA MART, L.L.C. at 14315 BELLAIRE BLVD. HOUSTON, TEXAS 77083** and shows unto the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1. Discovery will be conducted under Discovery Level 2 under the Texas Rules of Civil Procedure 190.3.

## II. PARTIES AND SERVICE

2. Plaintiff, **JANIE MIRELES** is an individual residing in Houston, Harris County, Texas.

3. Defendant, Fiesta Mart, L.L.C. is a Texas limited liability company whose doing business at 14315 Bellaire Blvd., Houston, TX 77083, Harris County, Texas, and may be served with process by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

1

PMA CRDATE 07162021

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendants are doing business in Houston, Harris County, Texas.

6. Venue in Harris County is proper because the facts underlying the potential action occurred in Harris County.

### IV. FACTS

7. This is an injury-on-premises case. On or about July 6, 2019, Plaintiff, JANIE MIRELES, was shopping and walking through the produce aisle when she slipped and fell on a slimy substance that had been left on the floor which was inadequately maintained and posed an unreasonable risk of harm. At all times material, Plaintiff was an invitee to the premises. At all times material, Defendant Fiesta Mart LLC owned and managed the property. As the direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injuries at the time of the accident.

8. Plaintiff injured her low back, both knees, left elbow, left shin and body in general.

9. No warning signs were placed within view of the location where Plaintiff fell. No agents of Defendant informed Plaintiff of the presence of hazards or other dangerous conditions within the store. Defendant owed a duty to exercise reasonable care to keep the premises in a safe condition, for the protection of her personal safety while on the premises.

10. Defendant knew of the dangerous condition of the substance on the floor. The condition of the substance on the floor posed in an unreasonable risk of harm to Plaintiff and others. The Defendant did not exercise reasonable care in reducing or


PMA  CRDATE  07162021

eliminating the risk of the substance on the floor. The Defendant's failure to use such care proximately caused Plaintiff's injuries.

## V. COUNT I—PREMISES LIABILITY

11. On the occasion in question, Defendant, its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward Plaintiff in the following respects:

    a. Defendant failed to use reasonable care in removing the slimy substance from the floor when it knew or in the exercise of reasonable care should have known that such conditions can greatly increase the risk of injury to any person that uses the bathroom; and

    b. Defendant failed to warn Plaintiff of the dangerous condition on the floor when they knew, or in the exercise of reasonable care, should have known that such conditions existed.

12. Each of the preceding acts of negligence and/or negligence per se, as well as other omissions and commission as may be shown at a trial of this case, was a proximate cause of Plaintiff's resulting injuries and damages.

## VI.

13. Upon trial of this case, Plaintiff will show that she sustained injuries and damages to her person as a proximate result of Defendant's negligence. Plaintiff respectfully requests the Court to determine the amount of the loss she has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

PMA CRDATE 07162021

## VII. DAMAGES

14. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the Court in the case separately consider to determine the sum of money that will fairly and reasonably compensate her for the injuries, damages, and losses incurred and to be incurred in the future. From the date of the occurrence in question until the time of trial of this case, as well as in the future, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    1. The physical pain that Plaintiff has suffered;

    2. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries;

    3. The loss of any earnings sustained by Plaintiff;

    4. The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that she would have been able to perform had she not been injured; and

    5. The disfigurement that Plaintiff has suffered.

15. From the time of trial of this case, the elements of damages to be separately considered that Plaintiff will sustain in the future beyond the trial, are such of the following elements as shown by a preponderance of the evidence upon trial of this case:

1.  The physical pain that Plaintiff will suffer;

2.  The mental anguish that Plaintiff will suffer;

3.  The amount of reasonable and necessary medical expenses that will be incurred in the treatment of Plaintiff's injuries;

4.  The loss or reduction in Plaintiff's earnings or earning capacity in the future

4

caused by the injuries sustained in question;

5. The damages resulting from the physical impairment that Plaintiff will continue to suffer and the resulting inability to do those tasks and services that he would have been able to perform had he not been injured; and

6. The disfigurement that Plaintiff will suffer.

Because of all the above and foregoing, Plaintiff has been damaged, and will be damaged in an amount within the jurisdictional limits of the court, for which she now brings suit. The maximum amount of damages that Plaintiff is seeking is $250,000.00

## VIII. REQUEST FOR DISCLOSURE

16. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information and material as set forth in Rule 194. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. Failure to comply with the requirements above, may result in Court ordered sanctions against you in accordance with the Texas Rules of Civil Procedure.

## IX. PRAYER

17. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be duly cited to appear and answer, and that upon final trial Plaintiff have:

1. judgment rendered against Defendant, for a total sum of $250,000.00.

2. pre-judgment interest as provided by law;

3. post-judgment interest as provided by law;

4. costs of suit; and

5. such other and further relief, special and general, at law and in equity, to which Plaintiff may show herself justly entitled.

5

Respectfully submitted,

ROBERT A. McALLISTER, JR.
& ASSOCIATES, P.C.

By: _____

Robert A. McAllister, Jr.
Texas Bar No. 13320700
Regency Square Tower
6200 Savoy, Suite 310
Houston, Texas 77036
Telephone: (713) 776-0900
Telecopier (713) 776-1414
Email: robertmcallisterlaw@yahoo.com
ATTORNEY FOR PLAINTIFF

6

PMA CRDATE 07162021

8/2/2021 11:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55904972
By: F Abdul-Bari
Filed: 8/2/2021 11:10 AM

CAUSE NO. 2021-39357

| | | |
|---|---|---|
| JANIE MIRELES | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FIESTA MART, LLC at 14315 BELLAIRE | § | |
| BLVD. HOUSTON, TEXAS 77083 | § | 269TH DISTRICT COURT |
| Defendant. | | |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.  Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.  Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.  To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.  Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1.  Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.  Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

    a.  Costs of suit; and

HOULITIGATION:1789234.1

    b.  Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:<u>/s/Maryalyce W. Cox</u>
Maryalyce W. Cox
State Bar No. 24009203
Hannah M. Owens
State Bar No. 24084330
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEY FOR DEFENDANT
FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

    This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on August 2, 2021, pursuant to the Texas Rules of Civil Procedure.

<u>*Maryalyce W. Cox*</u>
Maryalyce W. Cox

3

HOULITIGATION:1789234.1